UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JCAKSONVILLE DIVISION

KIMBERLY RENAY CHAVIS,

    Plaintiff,

v.                                    CASE NO. 3:19-cv-92-J-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## **ORDER**

This is an appeal of the administrative denial of disability insurance benefits (DIB) and period of disability benefits. *See* 42 U.S.C. § 405(g). In this appeal, Plaintiff contends the ALJ erred by finding her systemic lupus erythematosus (SLE) did not meet Listing 14.02; by failing to offer good cause for assigning little weight to her treating physician, Dr. Stark; and by rejecting her testimony about her pain. After considering the parties' memorandum of law (docs.12, 16) and the administrative record (doc. 8), I find that the ALJ's decision that Plaintiff is not disabled is not supported by substantial evidence and remand for further proceedings as set forth herein.

    *A.*    *Background*

Plaintiff Kimberly Renay Chavis was born on June 28, 1968, and was forty-seven years old on her alleged onset date, November 13, 2015. She earned a four-year college degree in business administration. Following a long career in the military, she was medically retired in January 2017 after being assessed with lupus in November 2015. Her last job was military recruiter and retention officer (R. 14). Plaintiff testified she is unable to perform even sedentary work due to pain and weakness from lupus. She suffers from joint pain throughout her body (neck, shoulders, elbows, knees, hands, ankles) that lasts two weeks a month. She also has swelling and

1

tingling in her feet and when she moves her joints. During these flare ups, she uses a walker to ambulate. Plaintiff also suffers from insomnia, "lupus fog," poor vision, bouts of difficulty with memory and concentration, and medication side effects. To help overcome her "lupus fog," she uses a dry erase board to record appointments and works on puzzles. She lives with her husband and relies on him to do most household chores. She assists with laundry by separating the clothes, and she accompanies her husband grocery shopping. Her husband assists her with showering, or when he is not available, she sits in a hospital chair in her shower. Because she has difficulty buttoning, she wears clothes she can pull over her head. She does not drive, but her aunt drives her where she needs to go. According to Plaintiff, she can lift 10-15 pounds, can sit for two hours then must get up and move around, can stand for thirty minutes to one hour, and can walk for up to 200 meters. While she can grasp with her dominant right hand, she has trouble grasping with her left hand due to arthritic swelling in her fingers and shooting pain up to her elbow. She can turn pages, but has difficulty typing repetitively due to problems with her left hand.

After a hearing, the ALJ found that Plaintiff suffers from the severe impairments of lupus, rheumatoid arthritis, fibromyalgia, left epicondylitis, thrombocytopenia, and anemia (R. 13). He also determined Plaintiff does not have any impairments or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 13). The ALJ determined that Plaintiff is not disabled, because she retains the RFC to perform a reduced range of light work as defined in 20 CFR § 404.1567(b) as follows:

> … the claimant can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. She can occasionally climb ramps and stairs, and never ladders, ropes and/or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, vibration and workplace hazards.

(R. 13). With the assistance of a vocational expert (VE), the ALJ found that, with this RFC, Plaintiff could not perform her past relevant composite job as a recruiter and recruit instructor, as its exertional demands exceed her residual functional capacity (R. 20). The ALJ found that she could perform the jobs of office helper, information clerk, and marker (R. 21). Plaintiff appealed the ALJ's decision, but the Appeals Council denied review (R. 1-2). After exhausting his administrative remedies, Plaintiff filed this action.

  *B.*  *Standard of Review*

To be entitled to DIB, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, to regularize the adjudicative process, promulgated detailed regulations. These regulations establish a "sequential evaluation process" to determine if a claimant is disabled. *See* 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the

3

claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

C. *Discussion*

1. *Listing 14.02*

At step three, Plaintiff has the burden of establishing the existence of an impairment or combination of impairments that meets or equals the criteria of a medical listing in 20 C.F.R. pt. 404, Subpt. P, App. 1. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The purpose of the medical listings is to "streamline the decision process by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background." *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). If a claimant

4

establishes that she meets or equals a listing, no further proof of disability is required. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).

A claimant must meet or equal *all* the requirements of a listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Mere diagnosis of a listed impairment is by itself not enough; the record must contain corroborative medical evidence supported by clinical and laboratory findings. *Carnes*, 936 F.2d at 1218. And if a claimant contends that an impairment equals a listed impairment, the claimant must present evidence that describes how the impairment has such an equivalency. *Wilkinson on Behalf of Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987).

The medical listing Plaintiff focuses on in her appeal is Listing 14.02. Listing 14.02 addresses systemic lupus erythematosus as follows:

> a. General. Systemic lupus erythematosus (SLE) is a chronic inflammatory disease that can affect any organ or body system. It is frequently, but not always, accompanied by constitutional symptoms or signs (severe fatigue, fever, malaise, involuntary weight loss). Major organ or body system involvement can include: Respiratory (pleuritis, pneumonitis), cardiovascular (endocarditis, myocarditis, pericarditis, vasculitis), renal (glomerulonephritis), hematologic (anemia, leukopenia, thrombocytopenia), skin (photosensitivity), neurologic (seizures), mental (anxiety, fluctuating cognition ("lupus fog"), mood disorders, organic brain syndrome, psychosis), or immune system disorders (inflammatory arthritis). Immunologically, there is an array of circulating serum auto-antibodies and pro- and anti-coagulant proteins that may occur in a highly variable pattern.
>
> b. Documentation of SLE. Generally, but not always, the medical evidence will show that your SLE satisfies the criteria in the current "Criteria for the Classification of Systemic Lupus Erythematosus" by the American College of Rheumatology found in the most recent edition of the Primer on the Rheumatic Diseases published by the Arthritis Foundation.

20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 14.00(D)(1)(a)-(b). In order to establish disability under Listing 14.02, the claimant must show:

A. Involvement of two or more organs/body systems, with:
1. One of the organs/body systems involved to at least a moderate level of severity; and

2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).
OR
B. Repeated manifestations of SLE, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
1. Limitation of activities of daily living.
2. Limitation in maintaining social functioning.
3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

*Id.* § 1402(A)-(B).

I find the record clearly establishes that Plaintiff has SLE. *See* R. 1235 ("47yo woman w aggressive form of SLE confirmed by immulogic studies w/ mult affected organ systems"). Even the ALJ found Plaintiff's SLE a severe impairment at step two (R. 13). The next step is to determine whether Plaintiff meets subsections (A) or (B) of Listing 14.02. Although Listing 14.02A requires only that one organ/ body system is involved at a moderate level of severity, Plaintiff asserts that her SLE affects three body systems at a moderate level of severity: her renal system, her hematological system, and her skin system.

First, as to her renal system impairment, Plaintiff points to her hospitalization in February 2017. The ALJ acknowledged this hospitalization. He discussed that Plaintiff's proteinuria secondary to SLE had progressively worsened in February 2017 and that renal biopsy revealed a class IV active crescents lupus nephritis requiring hospitalization and high dose of steroids and CellCept immunotherapy (R. 17). The ALJ also noted Plaintiff's kidney biopsy "showed diffuse proliferative and sclerosing glomerulonephritis" (R. 17).

Second, Plaintiff asserts her hematological system is at least moderately affected by SLE, evidenced by her diagnosis with thrombocytopenia. The ALJ discussed Plaintiff's thrombocytopenia and her idiopathic thrombocytopenic purpura in his decision (R. 15, 16). Moreover, the ALJ also discussed Plaintiff's anemia (R. 18) and the medical evidence reflects this

6

diagnosis (R. 325, 878, 1187, 1665, 2473). Third, Plaintiff explains that her SLE at least moderately affects her skin, resulting in photosensitivity. Due to her photosensitivity, Plaintiff testified she stays indoors to avoid sunlight (R. 58). The ALJ noted Plaintiff's photosensitivity in his decision (R. 17) and the medical evidence reflects this too (R. 2043, 2384). In light of the moderate to severe implications that her lupus has had on these three body systems, Plaintiff maintains she satisfies the first prong of Listing 14.02(A).

Moreover, Plaintiff also maintains that she satisfies the second prong of Listing 14.02A because she has at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss). She points to the rheumatologist's treatment notes that reflect her complaints of severe fatigue and low energy (R. 1742, 1746, 1750, 1766, 2384, 2473). Plaintiff testified about her fatigue, stating that after she eats and takes her medication she tries to sleep but her body won't let her. She explained, "It's like I'm sitting up, and I shut off the TV, but it's just like I'm still a zombie, like my body is so tired, I can't go to sleep" (R. 63). She points to other treatment records that document her involuntary weight loss of approximately thirty pounds (R. 1665, 2026, 2040).

As stated, the ALJ acknowledged some of the aforementioned diagnoses and complaints in his discussion of the evidence in formulating his residual functional capacity (RFC). But, the ALJ failed to provide any explanation as to how this evidence informed his step three decision that Plaintiff did not satisfy the criteria of Listing 14.02. In the Eleventh Circuit, an ALJ's determination that a claimant does not have an impairment that meets any of the listed impairments may be implicit and need not be explicit. *See Hutchinson v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986); *Flemming v. Comm'r of Soc. Sec.*, 635 F. App'x 673, 676 (11th Cir. 2015). But to support an implied finding that a claimant does not meet or equal a medical listing, the ALJ must

7

resolve inconsistencies in the evidence and sufficiently develop the record to support the finding. *Brunson v. Astrue*, 850 F. Supp. 2d 1293, 1306-07 (M.D. Fla. 2011) (where claimant's diagnosis of ataxia was "potentially determinative as to Listing 11.14, the ALJ was required to at least explain his reasoning for discounting [it] … [o]therwise the Court cannot find the ALJ's decision to be supported by substantial evidence.").

Here, the ALJ stated, "The undersigned specifically considered the listings found under sections 1.00 (Musculoskeletal disorders), 7.0 (Hematological Disorders), and 14.0 (Immune System Disorders). After carefully reviewing the entire record, no treating or examining physician reported findings that satisfied the criteria of any of the listed impairments." (R. 13). The ALJ concluded at step three: "The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." This statement – if backed by substantial evidence – can support an implied finding that the ALJ considered Plaintiff's systemic erythematosus lupus. However, because the 2,672-page administrative record contains ample evidence confirming Plaintiff lupus diagnosis and related multi-organ involvement, I cannot find substantial evidence supports the ALJ's decision here. Rather, I find the ALJ may have overlooked evidence that points to a finding that Plaintiff meets the requirements of Listing 14.02. I cannot conclude that ALJ's vague statement that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" is supported by substantial evidence. *See Fleck v. Comm'r of Soc. Sec. Admin.*, No. 5:15-cv-1293-MHH, 2016 WL 8671769, at *4 (N.D. Ala. Sept. 30, 2016) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) (remanding for further consideration of listing 14.02); *Britton v.*

*Berryhill*, 2017 WL 2455107, *7 (S.D. Ala. June 6, 2017) (citing *Armstrong v. Comm'r of Soc. Sec.*, 546 Fed. App'x. 891, 896 (11th Cir. 2013)) (remanding where it was unclear whether the ALJ considered the requirements of Listing 14.02 and 14.10 and did not explain what evidence reflected that claimant did not meet either listing). In *Armstrong*, the Eleventh Circuit vacated the district court's decision, finding it unclear whether the ALJ applied the proper legal standards or whether her decision at step three was supported by substantial evidence where the ALJ did not discuss the requirements of a specific applicable Listing 14.09(C). Against this backdrop, I find remand necessary for the ALJ to specifically determine whether Plaintiff's severe impairment of SLE meets or equals Listing 14.02.

Plaintiff makes additional arguments, but I need not address them as remand is appropriate on her first. However, regarding Plaintiff's assertion that the ALJ did not assign proper weight to Dr. Stark, her treating doctor, I instruct that on remand Dr. Stark's opinions should be reconsidered. The ALJ stated in his decision that "[a]fter carefully reviewing the entire record, no treating or examining physician reported findings that satisfied the criteria of any of the listed impairments." (R. 13). But Dr. Stark clearly stated in his Physical Residual Functional Capacity Questionnaire that Plaintiff is diagnosed with "lupus, lupus nephritis, anemia, thrombocytopenia, fibromyalgia" (R. 1801) and the lengthy record confirms these diagnoses. His opinions about Plaintiff's functional limitations are based on his treatment, and seem consistent with the rest of the record. I agree with Plaintiff and find the ALJ failed to adequately support his vague conclusion that Dr. Stark's opinions were not fully supported by the treatment record.

D. *Conclusion*

For the reasons stated above, it is ORDERED:

9

(1) The ALJ's decision is REVERSED and the case is REMANDED to the Commissioner with instructions to consider whether Plaintiff meets or equals Listing 14.02; and

(2) The Clerk of Court is directed to enter judgment for Plaintiff and close the case.

DONE and ORDERED in Tampa, Florida on November 13, 2019.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE